IN THE UNITED STATES BANKRUPTCY COURT

FOR THE

SOUTHERN DISTRICT OF GEORGIA
Statesboro Division

| | | |
|---|---|---|
| IN RE: <br> CARL C. CLOUD <br> BRENDA G. CLOUD <br><br> Debtors | ) ) ) ) ) ) | Chapter 13 Case <br> Number <u>09-60299</u> |
| CARL C. CLOUD <br> BRENDA G. CLOUD <br><br> Debtors/Movants <br><br> vs. <br><br> CITIFINANCIAL INC. <br><br> Creditor/Respondent | ) ) ) ) ) ) ) ) ) ) ) ) | **FILED** <br> Lucinda B. Rauback, Clerk <br> United States Bankruptcy Court <br> Augusta, Georgia <br> *By cneibel at 5:02 pm, Jan 31, 2013* |

## <u>OPINION AND ORDER DETERMINING FEES, EXPENSES, OR CHARGES UNDER BANKRUPTCY RULE 3002.1</u>

Pursuant to notice, hearing was held on the Debtors' Motion to Strike Notice of Postpetition Mortgage Fees, Expenses and Charges Filed by CitiFinancial, taken as a motion for determination of fees, expenses, or charges under Bankruptcy Rule 3002.1 ("Motion"). The Notice by CitiFinancial asserted that $84.00 in appraisal fees had been incurred on the Debtors' mortgage account postpetition. The Motion by the Debtors in opposition alleged that CitiFinancial failed to attach any documentation in support of the charge. CitiFinancial did not appear at the hearing.

AO 72A

(Rev. 8/82)

Bankruptcy Rule 3002.1 provides in relevant part as follows:

> (c) NOTICE OF FEES, EXPENSES, AND CHARGES.
> The holder of the claim shall file and serve on the debtor, debtor's counsel, and the trustee a notice itemizing all fees, expenses, or charges (1) that were incurred in connection with the claim after the bankruptcy case was filed, and (2) that the holder asserts are recoverable against the debtor or against the debtor's principal residence.
>
> . . . .
>
> (e) DETERMINATION OF FEES, EXPENSES, OR CHARGES.
> On motion of the debtor or trustee filed within one year after service of a notice under subdivision (c) of this rule, the court shall, after notice and hearing, determine whether payment of any claimed fee, expense, or charge is required by the underlying agreement and applicable nonbankruptcy law to cure a default or maintain payments in accordance with § 1322(b)(5) of the Code.

Fed. R. Bankr. P. 3002.1(c), (e).

Rule 3002.1 applies in chapter 13 to claims that are (1) secured by a security interest in the debtor's principal residence and (2) provided for under 11 U.S.C. § 1322(b)(5) in the debtor's plan. Fed. R. Bankr. P. 3002.1(a). Under § 1322(b)(5), sometimes referred to as the "cure and maintenance" provision, the plan may:

> provide for the curing of any default within a reasonable time and maintenance of payments while the case is pending on any unsecured claim or secured

2

>claim on which the last payment is due after the date on which the final payment under the plan is due.

11 U.S.C. § 1322(b)(5).

Here, CitiFinancial Inc. ("CitiFinancial") is the holder of a claim in the amount of $15,875.42, secured by a security interest in real property that presumably is the Debtors' principal residence. (See Cl. No. 11.) The claim does not include an arrearage. (Id.) The chapter 13 plan ("Plan") provides for the claim under § 1322(b)(5) with the Debtors' direct payments to CitiFinancial at the contract rate. (See ECF No. 4.) Rule 3002.1 thus applies to CitiFinancial's claim.

Not all courts agree that § 1322(b)(5) and Rule 3002.1 apply under facts like these, however. Some courts conclude that § 1322(b)(5) applies only when the claim includes an arrearage, not when the claim was current at the time of filing; or applies only when payments on the claim are made through the chapter 13 trustee. See In re Weigel, No. 10-17639, 2012 WL 6061023, at *1 (Bankr. E.D. Va. Dec. 6, 2012) (holding that § 1322(b)(5) did not apply when there was no prepetition arrearage and the plan provided for direct payments to lender); In re Wallett, No. 11-10801, 2012 WL 4062657, at *4 (Bankr. D. Vt. Sept. 14, 2012) (stating that when payments were made directly to lender, claim was not "treated in the plan in accordance with § 1322(b)(5)"); In re Merino, No. 9:09-bk-22282, 2012 WL 2891112, at *1 (Bankr.

3

AO 72A
(Rev. 8/82)

M.D. Fla. July 16, 2012) (stating that because Rule 3002.1 was adopted to aid in the implementation of § 1322(b)(5), "[a]n inference may be drawn that Rule 3002.1 does not apply to claims being paid outside the plan.").

The analysis in these cases is flawed in two ways. First, the phrase "outside the plan" has no legal significance. "All payments made following the confirmation of a plan are in effect paid pursuant to some provision of the plan and, accordingly, the term 'paid outside the plan' is . . . a misnomer." In re Clay, 339 B.R. 784, 785 n.1 (Bankr. D. Utah 2006). Thus § 1322(b)(5) applies not only to payments made by the debtor through the chapter 13 trustee but also to payments made by the debtor directly to the creditor.

Second, § 1322(b)(5) encompasses all long-term debt, not just debt with a prepetition default cured through the plan: "[The plan may] provide for . . . maintenance of payments while the case is pending on **any** unsecured claim or secured claim on which the last payment is due after the date on which the final payment under the plan is due." 11 U.S.C. § 1322(b)(5) (emphasis added).

The first rule of statutory construction is that "courts must presume that a legislature says in a statute what it means and means in a statute what it says there." Conn. Nat'l Bank v. Germain, 503 U.S. 249, 253-54 (1992). When the words of

the statute are plain, the first rule is also the last, and "judicial inquiry is complete." Id. at 254 (quoting Rubin v. United States, 449 U.S. 424, 430 (1981)). Section 1322(b)(5) plainly provides for maintenance payments on "any" unsecured or secured claim on which the last payment is due after the date on which the final payment under the plan is due, without further qualification. Thus there is no statutory basis on which to infer an exclusion of long-term debts that are current as of the date of the petition.

Having determined that Rule 3002.1 applies to CitiFinancial's claim in this case and based upon the failure of CitiFinancial to appear at the hearing, the Motion is **ORDERED GRANTED** and

**FURTHER ORDERED** that payment of the $84.00 sought by CitiFinancial Inc. in its Notice of Postpetition Mortgage Fees, Expenses, and Charges is not required by the underlying agreement and applicable nonbankruptcy law to cure a default or maintain payments in accordance with § 1322(b)(5) of the Bankruptcy Code.

JOHN S. DALIS
United States Bankruptcy Judge

Dated at Brunswick, Georgia,
this 31st day of January, 2013.